**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YONG YANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1420-PRW** |
| | ) | |
| **CHRIS GANTT, Warden, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Yong Yang, a noncitizen[1] and Chinese national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. Respondents filed a Motion to Dismiss, Doc. 10, which is at issue. Petitioner did not file a response. For the reasons set forth below, the undersigned recommends the Court deny the Motion to Dismiss.

## I. Background

Petitioner's Petition is dated June 8, 2026, and he asserts under penalty of perjury that he was, on that date, confined at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1, 9. The Petition does not state on what day it was put into a mail system. *Id.* at 9

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

(leaving blank the line on which a detained individual can indicate the date the petition is placed "in the prison mail system"). The envelope transmitting the Petition to the Court Clerk has a postmark date of June 10, 2026. *Id.* at 10. The Petition was filed by the Court Clerk on June 15, 2026. *Id.* at 1.

Respondents state Petitioner was transferred on June 13, 2026, from Cimarron Correctional Facility to Prairieland Detention Center in Alvarado, Texas. Doc. 10-1 at 1 (Booking History). Petitioner has not contested the accuracy of this date. Based on Petitioner's transfer to Prairieland Detention Center before the date the Petition was formally filed on the docket by the Court Clerk, Respondents ask the Court either to dismiss the Petition or to transfer this matter to the District Court for the Northern District of Texas, whose geographic area includes Prairieland Detention Center.

Petitioner currently is detained at Prairieland Detention Center in Texas. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Aug. 27, 2026).

## II. Analysis

### A. Petitioner was confined within this Court's geographic boundaries when the Petition was deemed filed.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement. Jurisdiction over § 2241 petitions lies in only one district: the district of confinement." *Al-Pine v. Richerson*, 763 F. App'x 717, 720 (10th

Cir. 2019) (citation modified) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)).[2] When a habeas petition is filed in a district that does not include the petitioner's then-current place of confinement, the petition must be dismissed or transferred to a correct court. *Id.* at 718.

Here, Respondents urge dismissal or transfer of the Petition because "Petitioner was not present within the Western District of Oklahoma at the time he filed his Petition." Doc. 10 at 2. In support of this argument, Respondents point to the date the Court Clerk filed the Petition on the docket after receiving it in the mail: June 15, 2026. However, the undersigned must determine whether the date for which Petitioner's place of confinement is determined should be (a) June 10, 2026 (when the envelope containing the Petition was postmarked, Doc. 1-1 at 1), or (b) June 15, 2026 (when the Court Clerk filed the Petition on the Court's docket, Doc. 1 at 1).[3] The earlier date was *before* Petitioner's transfer from Oklahoma to Texas, while the latter date was *after* his transfer. Doc. 10-1 at 1.

---

[2] In immigration habeas proceedings, courts have found it proper to add as respondents, in addition to the named physical custodian, certain federal officials responsible for overseeing immigration detention decisions and facilities because only a federal official—not a state or private prison warden—can release an immigration detainee. The undersigned did so here. Doc. 5 at 3 (adding the Attorney General and Secretary of Homeland Security as federal party respondents); *see also*, *e.g.*, *Sanchez v. Warden Diamondback Corr. Facility*, No. CIV-26-318-SLP, Doc. 7 (W.D. Okla. Feb. 23, 2026) (same); *Lanivska v. Warden, Otero Cnty. Processing Ctr.*, No. 26-CV-0044, 2026 WL 105901, at *1 (D.N.M. Jan. 14, 2026) (same). The addition of federal respondents does not affect a petitioner's requirement to file a habeas petition in his district of confinement.

[3] The undersigned has not considered the date the Petition was signed by Petitioner (June 8, 2026), because he did not include a date specifically indicating when the Petition was placed into the prison mail system. Doc. 1 at 9. Nor is there any material difference to the analysis for mailing dates of June 8, 2026, and June 10, 2026.

The prison mailbox rule[4] deems documents mailed to a court by a person in custody to be filed as of "the date a prisoner delivers legal mail to prison authorities for forwarding to the court clerk." *United States v. Gray*, 182 F.3d 762, 764 (10th Cir. 1999). If the prison mailbox rule applies here, the Petition is deemed filed as of June 10, 2026, when Petitioner was at Cimarron Correctional Facility in Oklahoma. Most courts apply the prison mailbox rule to determine location of confinement. *See Head v. Zook*, No. CIV-22-339-SLP, 2022 WL 22761586, at *2 n.4 (W.D. Okla. Sept. 19, 2022) (R&R) (recommending application of the prison mailbox rule to a place-of-confinement analysis in a non-immigration habeas action), *adopted*, 2024 WL 1466805, at *1 n.1 (W.D. Okla. Apr. 4, 2024); *Roman v. Field Off. Dir.*, No. 26-8444, 2026 WL 2030086, at *1 n.2 (D.N.J. July 14, 2026) (same, in an immigration habeas action); *Somodevilla v. Warden of Fla. Soft Side S. Detention Facility*, No. 26-cv-1372, 2026 WL 1379034, at *1 (M.D. Fla. May 18, 2026) (same); *Rodriguez-Francisco v. United States*, No. 21-CV-1180, 2023 WL 2089256, at *1 n.2 (M.D. Pa. Feb. 17, 2023) (same, in a non-immigration habeas action); *Terry v. Stewart*, Civ. No. 18-1285, 2021 WL 1018616, at *3 (D. Md. Mar. 17, 2021) (same). *But cf. Parada v. Warden of Nw. ICE Processing Ctr.*, No. 26-cv-947, 2026 WL 813833, at *1 (W.D. Wash. Mar. 24, 2026) (finding an immigration habeas action to have been filed in the wrong court when it was

---

[4] The undersigned uses the terms "prison mailbox rule" and "prison mail system" in accord with common legal phrasing. Petitioner currently is detained by ICE without a final order of removal. "The prison mailbox rule applies to pro se detainees in immigration proceedings." *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) (per curiam) (citation modified).

mailed before the petitioner's transfer out of the judicial district but received and filed by the court clerk after the petitioner's transfer, without consideration of whether the prison mailbox rule applied).

The undersigned concludes the prison mailbox rule should apply. Despite it being unclear from the parties' submissions whether there is a legal mail system at Cimarron Correctional Facility and whether such a system, if it exists, was utilized by Petitioner,[5] there is no doubt the Petition was mailed by June 10, 2026. This is evident from the postmark on the Petition's envelope. Doc. 1-1 at 1. This is sufficient to invoke the prison mailbox rule. *Love v. Daniels*, 549 F. App'x 801, 804 (10th Cir. 2013) (deeming a prisoner's submission to be filed based on the postmark on "the envelope in which the district court received" the filing).

There is no apparent reason why the prison mailbox rule should be used to determine whether a filing is timely, but not to determine where a petitioner was located when the filing is deemed to occur. Accordingly, the undersigned recommends the Court find Petitioner was confined at Cimarron Correctional Facility when the Petition is deemed filed, meaning Petitioner did not file the Petition in the wrong district.

**B. Petitioner's post-filing transfer does not deprive the Court of jurisdiction.**

Because Petitioner was confined within the geographic boundaries of the Western District of Oklahoma when the Petition is deemed filed, the Court "acquired jurisdiction."

---

[5] For considerations regarding legal mail systems and regular mail systems within a detainment facility and when the difference matters, see *Gray*, 182 F.3d at 764-66.

*Pinson v. Berkebile*, 604 F. App'x 649, 652 (10th Cir. 2015). His subsequent transfer to a detention facility outside the district "does not defeat that initial jurisdiction." *Id.*; *see also Padilla*, 542 U.S. at 441 (explaining "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); *Head*, 2024 WL 1466805, at *1 n.1.

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends the Court **DENY** Respondents' Motion to Dismiss, Doc. 10. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 3, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 9, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE